**PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Name  Nguyen, Son H.
     (Last)    (First)    (Initial)

Prisoner Number  P-07044

Institutional Address  Old Folsom State Prison
POB 715071, Represa, Ca. 95671-5071

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Son Hoang Nguyen )
(Enter the full name of plaintiff in this action.) )
    vs. ) Case No. CV 08 3353
) (To be provided by the clerk of court)
John Tilton, Acting Director )
of the Calif. Dep't of Corr. ) PETITION FOR A WRIT
and Rehabilitation. ) OF HABEAS CORPUS
)
)
)
(Enter the full name of respondent(s) or jailor in this action) )
)

E-filing

Read Comments Carefully Before Filling In

<u>When and Where to File</u>

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were <u>not</u> convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS        - 1 -

<u>Who to Name as Respondent</u>

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1. What sentence are you challenging in this petition?

    (a)    Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

Santa Clara Superior Court    190 W. Hedding St., San Jose, Ca. 95110
Court                                                      Location

    (b)    Case number, if known  No. 194323

    (c)    Date and terms of sentence  25 to life

    (d)    Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.)     Yes XXX    No ____

Where? Old Folsom State Prison, POB 715071, Represa, Ca. 9561-5071
Name of Institution: ____
Address: ____

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

First Degree Murder, Penal Code section 187

PET. FOR WRIT OF HAB. CORPUS    - 2 -

3. Did you have any of the following?

    Arraignment:                                             Yes __XXX__    No _____

    Preliminary Hearing:                     Yes __XXX__    No _____

    Motion to Suppress:                     Yes _____    No _____

4. How did you plead?

    Guilty _____   Not Guilty __XXX__   Nolo Contendere _____

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

    Jury __XXX__   Judge alone _____   Judge alone on a transcript _____

6. Did you testify at your trial?              Yes _____    No __XXX__

7. Did you have an attorney at the following proceedings:

| | | | | |
|---|---|---|---|---|
| (a) | Arraignment | Yes __XXX__ | No _____ |
| (b) | Preliminary hearing | Yes __XXX__ | No _____ |
| (c) | Time of plea | Yes _____ | No _____ |
| (d) | Trial | Yes __XXX__ | No _____ |
| (e) | Sentencing | Yes __XXX__ | No _____ |
| (f) | Appeal | Yes __XXX__ | No _____ |
| (g) | Other post-conviction proceeding | Yes _____ | No __XXX__ |

8. Did you appeal your conviction?      Yes _____    No _____

    (a)    If you did, to what court(s) did you appeal?

            Court of Appeal               Yes __XXX__    No _____

            Year: __2000__    Result: __Conviction Affirmed__

            Supreme Court of California     Yes __XXXX__    No _____

            Year: __2000__    Result: __Petition for Review Denied__

            Any other court               Yes _____    No __xxx__

            Year: _____    Result: _____

    (b)    If you appealed, were the grounds the same as those that you are raising in this

|   |     | petition? | Yes ___ No XXX |
|---|---|---|---|
| | (c) | Was there an opinion? | Yes XXX No ___ |
| | (d) | Did you seek permission to file a late appeal under Rule 31(a)? |
| | | | Yes ___ No ___ |

If you did, give the name of the court and the result:

_____

_____

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?    Yes XXX    No ___

[Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

    (a)    If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

        I.    Name of Court: __Santa Clara Superior Court__

           Type of Proceeding: __Habeas Petition__

           Grounds raised (Be brief but specific):

           a. __See, post, at page 8__

           b. _____

           c. _____

           d. _____

           Result: __Ptn. Granted on 2 claims__ Date of Result: __8/5/04__
(see, post, p.8(D&K)

       II.    Name of Court: __Cal. Court of Appeal, 6th Dist.__

           Type of Proceeding: __State appealed the grant of the petition.__

           Grounds raised (Be brief but specific):

| | | |
|---|---|---|
| 1 | | a. <u>Seen issues were contested in the Court of appeal, see, post, at p.9</u> |
| 2 | | b. _____ |
| 3 | | c. _____ |
| 4 | | d. _____ |
| 5 | | Result: <u>State's Appeal Granted</u>  Date of Result: <u>2/17/06</u> |
| 6 | III. | Name of Court: <u>The California Supreme Court</u> |
| 7 | | Type of Proceeding: <u>Petition seeking Review of the Calif. Court of Appeal's Grant of the State's Appeal</u> |
| 8 | | Grounds raised (Be brief but specific): |
| 9 | | a. <u>See issues described, post, at p.9-10</u> |
| 10 | | b. _____ |
| 11 | | c. _____ |
| 12 | | d. _____ |
| 13 | | Result: <u>Review Denied</u>  Date of Result: <u>6/14/06</u> |
| 14 | IV. | Name of Court: <u>The Superior Court of California, at Santa Clara County</u> |
| 15 | | Type of Proceeding: <u>Habeas Petition regarding matter remanded by order of the Court of Appeal</u> |
| 16 | | Grounds raised (Be brief but specific): |
| 17 | | a. <u>See description, post, at p.10</u> |
| 18 | | b. _____ |
| 19 | | c. _____ |
| 20 | | d. _____ |
| 21 | | Result: <u>Petition Denied</u>  Date of Result: <u>6/20/07</u> |

V.  ADDITIONAL POSTCONVICTION HISTORY, **post**, pp.10-11

(b)  Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes _____  No  xxx

Name and location of court: _____

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS          - 5 -

1  need more space. Answer the same questions for each claim.

2  [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); <u>McCleskey v. Zant</u>,

4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5  Claim One: **See, post, at p.12**

6  _____

7  Supporting Facts: _____

8  _____

9  _____

10 _____

11 Claim Two: _____

12 _____

13 Supporting Facts: _____

14 _____

15 _____

16 _____

17 Claim Three: _____

18 _____

19 Supporting Facts: _____

20 _____

21 _____

22 _____

23 If any of these grounds was not previously presented to any other court, state briefly which

24 grounds were not presented and why:

25 **They were all presented to the California Supreme Court.**

26 _____

27 _____

28 _____

PET. FOR WRIT OF HAB. CORPUS        - 6 -

1     List, by name and citation only, any cases that you think are close factually to yours so that they
2 are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning
3 of these cases: Ground #1, <u>Mathews v. U.S.</u> (1988) 485 U.S. 58, 63-64, <u>Bradley v. Duncan</u> (9th Cir. 2002) 315 F.3d 1091, 1098-1100; Ground #2, <u>Strickland v. Washington</u> (1984) 466 U.S. 668; Ground #3; <u>Lilly v. Virginia</u>, 527 U.S. 116 (1999); <u>Jackson v. Virginia</u> (1979) 443 U.S. 307 (Ground #4); Ground #5, <u>Evitts v. Lucy</u> (1985) 469 U.S. 387.

7 Do you have an attorney for this petition?      Yes_____    No_XX_

8 If you do, give the name and address of your attorney:

10     WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in
11 this proceeding. I verify under penalty of perjury that the foregoing is true and correct. Petitioner requests an evidentiary hearing for Grounds 2 and 5.

13 Executed on    June 28, 2008          _/s/_____
14           Date                          Signature of Petitioner
                                                   Son Hoang Nguyen

20 (Rev. 6/02)

**Petition for Writ of Habeas Corpus.**
S.H. Nguyen
Continuation Page on Question 9(a)(1)


Continuation of Answer to Question 9(a)(1)

(A) Trial Counsel's Failure to use readily available documents to prove the perjury of Detective Torres violated Petitioner's right to effective assistance of counsel under the Sixth and Fourteenth Amendments;

(B) The perjury of Detective Torres is grounds for reversal under California's standards for false evidence and perjured evidence;

(C) Det. Torres's perjury and suppression of evidence violated Petitioner's 14th Amendment right to due process;

(D) The trial court violated Petitioner's due process and fair trial rights under the 5th, 6th, and 14th Amendments by failing to instruct that a reasonable or unreasonable belief in the need to defend himself or others from assault with a firearm would be a defense for Petitioner's alleged conduct within the context of the State's vicarious liability theories;

(E) Petitioner's 6th and 14th Amendment rights to effective assistance of counsel were violated by trial counsel's failure to raise Claim "D" above;

(F) Petitioner's 6th and 14th Amendment right to effective assistance of counsel was violated by appellate counsel's failure to raise Claim "D" and Claim "E" on appeal;

(G) Petitioner's 6th Amendment right to effective assistance of counsel was violated by trial counsel's failure to request CALJIC No. 8.65;

(H) Petitioner's 6th and 14th Amendment rights to effective assistance of counsel was violated by appellate counsel's failure to raise Claim "G" on appeal;

(I) Petitioner's 5th and 14th Amendment rights to due process were violated by his conviction for first-degree murder on insufficient evidence;

(J) Petitioner's 6th and 14th Amendment right to effective assistance of counsel was violated by appellate counsel's failure to raise Claim "I" on appeal;

(K) The use of inadmissible hearsay and rumor to establish motive violated Petitioner's rights to due process, confrontation, and a fair trial under the 5th, 6th, and 14th Amendments.

-8-

Continuation of Answer to Question 9(a)(II)

   (A) The trial court's failure to instruct on defense to the target crime of assault prejudicially violated Petitioner's right to due process and a fair trial under the 5th and 14th Amendments;

   (B) Defense counsel at trial violated Petitioner's 6th and 14th Amendment right to effective counsel by vailing to request CALJIC 5.30 and 5.31, and by failing to make the obvious arguments in his summation thereunder;

   (C) The trial court violated Petitioner's 6th Amendment right to confrontation by admitting inadmissible hearsay bearing on motive;

   (D) Appellate counsel violated Petitioner's Fourteenth Amendment right to due process in failing to raise Claims "A" and "C" above.

In addition, these claims were raised in a habeas petition filed in parallel to the State's appeal, and consolidated with that appeal:

   (E) The Superior Court's 8/27/04 order refusing to rule on Petitioner's insufficiency-of-the-evidence claim was error;

   (F) Petitioner's 5th and 14th Amendment right to due process were violated by his conviction on insufficient evidence to support the first-degree murder verdict;

   (G) Appellate Counsel violated Petitioner's 14th Amendment right to due process when she failed to raise Ground "F", above, on Petitioner's direct appeal.

9(a)(III) Name of Court: The California Supreme Court

        Petition for Review filed 3/29/06

        Issues raised:

        (A) Under the California Supreme Court's jurisprudence, the Court of Appeal erred in holding that the trial court had no sua sponte duty to give specific instructions describing defenses relevant to the "target crime" of assault;

        (B) The trial court's failure to instruct on defenses to the target crime of assault prejudicially violated Petitioner's right to due process and a fair trial under the 5th and 14th Amendments;

        (C) Defense counsel at trial violated Petitioner's 6th and 14th Amendment right to effective counsel by failing

          to request CALJIC No's 5.30 & 5.31, and by failing to make obvious aruments in summation thereunder;

          (D) The Court of Appeal erred in holding that the issue of trial counsel's effectiveness was not cognizable on appeal unless Petitioner proved that appellate counsel was ineffective in failing to raise that issue on appeal;

          (E) The trial court violated Petitioner's 6th Amendment right to confrontation by admitting inadmissible hearsay bearing on motive; and

          (F) Appellate counsel violated Petitioner's 14th Amendment right to due process in failing to raise Claims "B" and "E", above.

          Result: Petition for Review denied (Exh. E).

          Date of decision: 6/14/06 in S142208

9(a)(IV): Name of Court: The Superior Court of Santa Clara

          Nature of Proceeding: Habeas proceeding on remand from the Cal. Court of Appeal

          Issues raised:

          (A) Petitioner's 5th and 14th Amendment Right to Due Process was violated by his conviction for murder on insufficient evidence; and

          (B) Petitioner's 14th Amendment right to due process was violated by appellate counsel's failure to raise Claim "A", above.

          Result: Petition denied (Exh. F).

          Date of decision: June 20, 2007.

9(a)(V): Name of Court: The Cal. Court of Appeal, 6th Dist.

          Nature of Proceeding: Habeas Petition, **H031982**

          Issues raised: Same as 7(d)(3)(A&B), above.

          Result: Petition denied (Exh. G).

          Date of decision: October 19, 2007.

9(a)(VI): Name of Court: The Cal. Supreme Court

          Nature of Proceeding: Habeas Petition, S158752 .

          Issues raised: Same as 7(d)(3), above.

-11-

      Result:   Petition Denied

  Date of Result: <u>June 11, 2008</u>.

// //

// //

## STATEMENT OF CLAIMS

**GROUND #1:** THE TRIAL COURT'S FAILURE TO INSTRUCT ON DEFENSES TO THE TARGET CRIME OF ASSAULT PREJUDICIALLY VIOLATED PETITIONER'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL UNDER THE 5TH AND 14TH AMENDMENTS.
**FACTS:** The State's theory was that Petitioner aided and abetted an assault whose natural and probable consequence was the murder actually committed by Petitioner's codefendants. The trial court instructed on defenses to murder, but failed to instruct on defenses to the underlying 'target crime" of assault with a firearm. Petitioner was not present when the killing occurred and there was substantial evidence that the victim had come with others to kill or seriously injure Petitioner. Also, the record shows that such actions as Petitioner took, and the statements that he made, were motivated by a desire to defend himself against the assault with deadly weapons that he expected -- and which in fact occurred.

**GROUND #2:** DEFENSE COUNSEL VIOLATED PETITIONER'S SIXTH AND FOURTEENTH AMENDMENT RIGHT TO EFFECTIVE COUNSEL BY FAILING TO REQUEST CALJIC No's 5.30 & 5.31 AND TO MAKE RELATED ARGUMENTS THEREUNDER.
**FACTS:** Petitioner incorporates here by reference the facts asserted in Ground #1, above. Trial counsel did not request that the jury be instructed on defenses to the target crime that Petitioner allegedly aided and abetted. Counsel did not request CALJIC No.'s 5.30 and 5.31, nor did he make the obvious arguments thereunder in his summation. He should have argued that Petitioner had every right to speak as he did, and to take such actions as he did, prior to the shooting based upon Petitioner's right to self-defense in the face of the threat to his life that the victim and the victim's cohorts posed to Petitioner. Had Petitioner taken the aforesaid actions, there is a reasonable probability that Petitioner would have been acquitted. Under the "professional norms" set forth by the California Supreme Court, defense counsel had a duty to request instruction on all defenses that had tenable support in the evidence.

**GROUND #3:** PETITIONER'S SIXTH AMENDMENT RIGHT TO CONFRONTATION WAS VIOLATED BY THE ADMISSION OF HEARSAY INDISPENSABLE TO THE STATE'S MOTIVE THEORY.
**FACTS:** The evidence connecting Petitioner to Kevin, and by extension Kevin's brother (the victim), was inadmissable hearsay under California law. The hearsay in question came in almost entirely through transcripts of the police interviews of prosecution witnesses, such as that of Cindy Nguyen. In these transcripts the interviewees reported to the police what they heard from third parties about the circumstances that led up to the shooting. Without the inadmissible hearsay in question, the State would have been unable to support any

plausible theory as to why Petitioner would bear ill-will towards the person that "Mole" and his accomplice shot outside the Cafe. Petitioner was in the Cafe when the shooting occurred.

**GROUND #4:** PETITIONER'S 5TH AND 14TH AMENDMENT RIGHT TO DUE PROCESS WAS VIOLATED BY PETITIONER'S CONVICTION FOR MURDER ON INSUFFICIENT EVIDENCE.

**FACTS:** Per force, the 'facts' supporting a claim of insufficiency are all the facts of the case. Therefore, Petitioner offers here the "Memorandum of Points and Authorities" filed with the petition by way of a separate document. That Memorandum explains the facts in support of this claim.

**GROUND #5:** APPELLANT COUNSEL PETITIONER'S FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS IN FAILING TO RAISE GROUNDS 1, 3, AND 5.

**FACTS:** (1) Under 'norms of professional conduct' prevailing in California, Appellate counsel had a duty to brief all 'arguable' issues. (2) The issues that appellate counsel briefed were all denied by the California Court of Appeal and the California Supreme Court. None of the issues briefed were deemed to be even close to justifying relief. Several were held procedurally barred. (3) Appellate counsel failed to brief Grounds 1, 3, and 5. (4) The Superior Court of Santa Clara, on habeas review, granted Grounds 1 and 3. (5) There is a reasonable probability that the presentation of Grounds 1, 3, and 5, jointly or severally, would have led to reversal on appeal. On Direct appeal, each of those three grounds would have been reviewed under the favorable <u>Chapman</u> standard.