1

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SON HOANG NGUYEN,

           Petitioner,

  v.

JOHN TILTON, Acting Director,

          Respondent.

_____/

No. C 08-03353 SBA (PR)

**ORDER GRANTING MOTION FOR APPOINTMENT OF COUNSEL; ADDRESSING PETITIONER'S PENDING MOTION; REFERRING CASE TO FEDERAL PUBLIC DEFENDER'S OFFICE TO FIND COUNSEL FOR PETITIONER; AND STAYING ACTION UNTIL COUNSEL IS APPOINTED**

10

11

12

13

      Petitioner Son Hoang Nguyen, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. An Order to Show Cause issued on October 16, 2008, and on April 20, 2009, Respondent filed an Answer. Thereafter, Petitioner filed a Traverse and a motion entitled, "Application for Enlargement of Page Limitations."

14

15

      On June 2, 2009, Petitioner filed a request for appointment of counsel and for a stay of the habeas proceedings pending appointment of counsel.

16

17

18

19

20

21

22

      The Sixth Amendment's right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). The Court may, however, appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984).

23

24

25

26

      The Court now includes this background of the facts of the underlying criminal conviction, taken from the Order Granting Petition for Writ of Habeas Corpus filed in Case No. C 02-1348 PJH, the habeas action of his co-defendant, Dung The Pham[1]:

27

28

     [1] As further explained below, on March 20, 2008, the Honorable Phyllis J. Hamilton granted co-defendant Pham's federal habeas petition and vacated his first-degree-murder conviction. See Case No. C 02-1348 PJH.

On May 22, 1996, the victim, Tong Van Nguyen, was chased down and shot by two gunmen in a café parking lot in San Jose, California.  Both the state and Pham agree that Tien Ha ("Mole"), who remains a fugitive, was one of the two gunmen.  Pham was convicted of being the other gunman but he contends that the other gunman was a former suspect, another teenager at the scene of the crime, Tuan Hoang ("Hoang").  The evidence at trial revealed that on the day of the shooting, a large group of teenagers, many of whom were friends or acquaintances of Pham and codefendant Nguyen (no relation to victim Tong Van Nguyen) (the "teenage acquaintances"), gathered at the café.  John Nguyen, the victim's brother, and several other witnesses were also near the café at the time of the shooting.  Although the state concedes that many of the teenage acquaintances lied about what they witnessed, both in pretrial statements and at trial, it nevertheless argues that a consistent picture of events emerged from the evidence.

According to the state, Pham and Mole saw the victim and cursed at him the day before the shooting.  The next day, codefendant Nguyen helped Pham and Mole procure weapons, thus exposing himself to an aiding and abetting charge.  Pham and Mole then went to the café with some of the teenage acquaintances.  At the café, Pham and Mole saw the victim and began chasing him on foot in the parking lot.  Pham, Mole, and the victim then disappeared behind a parked van, after which several shots were fired, apparently from two different guns.  Upon hearing the shots, the café patrons ran outside, entered their cars and quickly drove away.  The victim died before the police arrived.

(Mar. 20, 2008 Order in Case No. C 02-1348 PJH at 3-4.)

The following additional factual background is taken from the Order Granting Petition for Writ of Habeas Corpus filed in Petitioner's state habeas action, Santa Clara County Superior Court Case No. 194323[2]:

In 1998, [Petitioner] was convicted of first degree murder of victim Tong Van Nguyen and sentenced to 25 years to life under a theory of vicarious liability in aiding and abetting and conspiring with the actual shooters.  The People's target crimes under this vicarious liability theory were conspiracy and the allegation that petitioner had the intent to assist his companions to commit assault with a deadly weapon, of which murder is a natural and probable consequence.

While there were some factual disputes regarding the identification of the shooters, the actual perpetrators of the murder were predominantly identified by eyewitnesses as Tien Ha (aka "Mole") and Dung The Pham (aka "CD").  Tien Ha, Mole, was never apprehended by police.  However Dung was tried jointly with Petitioner and convicted as a principal in first degree murder.

(Aug. 5, 2004 Order in Santa Clara County Superior Court Case No. 194323 at 1-2 (footnote added).)

---

[2]  As it is also explained below, Petitioner's state habeas petition was granted on Aug. 5, 2004 by the Santa Clara County Superior Court in Case No. 194323; however, that decision was later reversed on appeal.  Attached as Exhibit A to Petitioner's Traverse filed on January 21, 2010 is the superior court's Aug. 5, 2004.

Petitioner and co-defendant Pham filed a consolidated appeal to the California Court of Appeal. The judgments were affirmed, and petitions for review to the California Supreme Court were denied on December 20, 2000.

Thereafter, co-defendant Pham, who was represented by counsel, sought federal habeas relief. He filed a petition for writ of habeas corpus in this Court on March 19, 2002. See Case No. 02-1348 PJH. On May 8, 2002, Judge Hamilton granted co-defendant Pham's request to hold the petition in abeyance while he exhausted two unexhausted claims in state court. In accordance with the May 8, 2002 stay order, co-defendant Pham filed a petition for writ of habeas corpus with the California Supreme Court, which was summarily denied on February 11, 2003. Co-defendant Pham then filed an amended federal habeas petition in this Court on March 2, 2003, raising three claims, including that: (1) his trial counsel rendered ineffective assistance by failing to obtain criminalist Mario Soto's lab notes and by failing to retain his own expert witness regarding a gunshot residue (GSR) test that was conducted on another suspect; (2) the state unconstitutionally suppressed criminalist Soto's lab notes under Brady v. Maryland, 373 U.S. 83 (1963); and (3) the jury instructions utilized by the trial court were unconstitutional because they allowed the jury to convict co-defendant Pham of first degree murder without finding premeditation. On October 20, 2003, Judge Hamilton initially denied co-defendant Pham's petition and also denied his request for discovery of criminalist Soto's lab notes and raw data.

On November 20, 2003, Judge Hamilton granted co-defendant Pham's request for a certificate of appealability (COA) on his Brady claim, but denied the COA as to the other two claims. Co-defendant Pham subsequently appealed the Brady claim to the Ninth Circuit. On March 7, 2005, the Ninth Circuit reversed the decision on the Brady claim, holding that the district court erred in denying his request for discovery, and that the resolution of his Brady claim required disclosure of the suppressed evidence, criminalist Soto's lab notes. See Pham v. Terhune, 400 F.3d 740, 743 (9th Cir. 2005). The Ninth Circuit remanded the case to the district court to order disclosure of the lab notes and "for further proceedings consistent with this opinion." Id.

Following remand, on April 8, 2005, Judge Hamilton issued an Order reopening the case, requiring the State to disclose criminalist Soto's lab notes and raw data regarding his GSR analysis,

and requiring supplemental briefing on the <u>Brady</u> issue following disclosure.  Pursuant to that Order, the State provided co-defendant Pham with criminalist Soto's lab notes and raw data.  Following briefing by the parties, on March 20, 2008, Judge Hamilton granted co-defendant Pham's petition on the <u>Brady</u> issue.

Meanwhile, Petitioner sought habeas relief in the state courts prior to filing the instant federal habeas petition.  On September 25, 2001, he filed a petition for writ of habeas corpus in the Santa Clara County Superior Court raising eleven claims of error.  On August 5, 2004, the superior court issued a written order granting the petition and vacating Petitioner's conviction for first degree murder.  The People timely appealed the ruling.  On February 17, 2006, the California Court of Appeal reversed the trial court's grant of habeas relief in an unpublished opinion.  On June 14, 2006, the California Supreme Court denied his petition for review.

While the aforementioned appeal was pending, Petitioner filed an original state habeas petition with the state appellate court raising a claim of legally insufficient evidence.  The appellate court denied Petitioner's state habeas petition raising a claim of legally insufficient evidence without prejudice to refiling that claim in superior court.  On June 28, 2006, Petitioner filed a renewed state habeas petition in the Santa Clara County Superior Court raising a claim of legally insufficient evidence.  On June 20, 2007, the trial court issued a written order denying the petition.  On August 29, 2007, Petitioner filed an original state habeas petition in the state appellate court raising a claim of legally insufficient evidence.  That petition was summarily denied on October 19, 2007.  On December 4, 2007, Nguyen filed an original state habeas petition in the state supreme court raising a claim of legally insufficient evidence.  That petition was summarily denied on June 22, 2008.

On July 22, 2008, Petitioner filed the instant federal habeas petition in this Court, raising five claims of error: (1) the trial court erroneously instructed the jury (Claim One); (2) his trial counsel was constitutionally ineffective for failing to request that the jury be instructed with CALJIC Nos. 5.30 (self-defense to assault) and 5.5121 (self-defense may be based on appearances alone), and failing to make related arguments to the jury on these concepts (Claim Two); (3) the trial court erroneously admitted hearsay evidence (Claim Three); and (4) that his conviction for first degree murder was based on legally insufficient evidence (Claim Four).  Petitioner separately asserts that

4

his appellate counsel was ineffective for failing to raise these substantive claims on direct appeal (Claim Five).

Petitioner alleges that he learned about Judge Hamilton's Order granting co-defendant Pham habeas relief -- based on the aforementioned Brady issue -- three months before Petitioner filed the instant motion for appointment of counsel. (Pet'r Decl. at 4-5.) Petitioner then attempted to convince his state appellate attorney to represent him, stating: "I contacted the attorney that represented me in my State collateral attack. After a six-week delay, and some reflection on [the attorney's] part, I learned that he could not take the case due to logistical factors related to his practice." (Pet'r Decl. at 5.) Petitioner then sought assistance from the prisoner who had assisted him in his habeas action in the Santa Clara Superior Court. (Id.) Petitioner claims that prisoner sent him a letter and drafted the instant motion for appointment of counsel as well as the attached declaration for him. (Id.)

Petitioner claims that counsel should be appointed in this action because the issues are particularly complex, stating: "[v]arious esoteric procedural and substantive issues arise in relation to the adaptation and filing of that Brady violation in the context of the pending challenge to Petitioner's conviction." (Mot. for Atty. at 2.) Petitioner further acknowledges that the Brady issue "will have to be exhausted by [him] in state court . . . [which] would entail filing an amended petition here, moving that it be stayed and held in abeyance while [he] return[s] to State Court . . . . " (Pet'r Decl. at 5.)

Secondly, Petitioner claims that "without appointment of counsel, [his] indigency and lack of logistical support would stand, potentially, to perpetuate what increasingly appears to be an unjust conviction." (Mot. for Atty. at 2.) He states,

> Clearly, I can be no more guilty, and no less entitled to a reversal, than Dung The Pham. Evidence that calls into question his guilt, calls into question mine. Yet, I lack the resources to obtain the pleadings, transcripts, and moving papers that accomplished the reversal in his case -- nor do I know what motions to make.

(Pet'r Decl. at 5.) Petitioner further points out that his conviction was vacated once before, stating:

> As indicated in the pleading I filed with this Court, the Santa Clara Superior Court judge who heard my collateral attack reversed on two grounds -- both of which are now pending before this Court. His order vacating my conviction was reversed by the Court of Appeal. Nevertheless, even without the Brady reversal of my

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

codefendant's case, the actions of the Superior Court in my case, demonstrate that a reasonable jurist felt my conviction should not stand.

(Id. at 4.)

Upon reviewing Petitioner's aforementioned arguments, the Court finds that the appointment of counsel is warranted in this action.  Therefore, the Court exercises its discretion to appoint counsel to represent Petitioner in this action upon finding that exceptional circumstances exist. Furthermore, the interests of justice so require representation, and Petitioner is financially unable to obtain representation.[3]  Accordingly, Petitioner's motion for appointment of counsel (docket no. 11) is GRANTED.  Furthermore, in light of this Order appointing counsel, the Court directs Petitioner's counsel leave to file an amended petition should he deem it appropriate.  Finally, the Court finds that a stay of the habeas proceedings pending appointment of counsel is also warranted at this time; therefore, the Court GRANTS Petitioner's request to stay proceedings pending appointment of counsel (docket no. 11).

Also before the Court is Petitioner's motion entitled, "Application for Enlargement of Page Limitations," which the Court will construe as a motion to file an oversized brief.  Petitioner's motion (docket no. 14) is GRANTED.

## CONCLUSION

1.      Petitioner's requests for appointment of counsel and for a stay of the habeas proceedings pending appointment of counsel (docket no. 11) is GRANTED.  Counsel should seek reimbursement pursuant to 18 U.S.C. § 3006A(d) and (e) via the Federal Public Defender's Office. All further proceedings will be stayed until **two (2) weeks** from the date an attorney is appointed to represent Petitioner in this action.

2.      The Court GRANTS Petitioner's motion entitled, "Application for Enlargement of Page Limitations" (docket no. 14), which has been construed as a motion to file an oversized brief. The Clerk of the Court is directed to file Attachment 1, entitled "Petitioner's Traverse," and docket it as filed on January 21, 2010, the date it was received.

---

[3]   Petitioner has established his indigency in his declaration attached to his motion for appointment of counsel.  (Pet'r Decl. 3-4.)

6

3.      In the interests of justice and good cause appearing, and pursuant to 18 U.S.C. § 3006A(g), this matter is hereby REFERRED to the Federal Public Defender's Office to find counsel for Petitioner.

4.      Within **sixty (60) days** from the date counsel is appointed, Petitioner's counsel shall file a motion for leave to file an amended petition, if counsel deems it necessary, or a notice that an amended petition will not be filed.

5.      If Petitioner's counsel files an amended petition, the Court will review the amended petition in a separate written Order and will set a new briefing schedule.

6.      The Clerk shall send a copy of this Order to Petitioner, to the Federal Public Defender, and to Respondent.

7.      This Order terminates Docket nos. 11 and 14.

IT IS SO ORDERED.

DATED: 3/18/10

SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\HC.08\Nguyen3353.grantATTY.wpd

1    UNITED STATES DISTRICT COURT

2    FOR THE

3    NORTHERN DISTRICT OF CALIFORNIA

4

5

6    SON HOANG NGUYEN,                           Case Number: CV08-03353 SBA

7         Plaintiff,                             **CERTIFICATE OF SERVICE**

8    v.

9    JOHN TILTON et al,

10        Defendant.
     _____/

11

12   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
     Court, Northern District of California.

13
     That on March 19, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said
14   copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
     envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
15   located in the Clerk's office.

16

17

18   Son Hoang Nguyen P-07044
     Old Folsom State Prison
19   P.O. Box 715071
     Represa, CA 95671-5071
20
     Dated: March 19, 2010
21
                                                 Richard W. Wieking, Clerk
22                                               By: LISA R CLARK, Deputy Clerk

23

24

25

26

27

28

     P:\PRO-SE\SBA\HC.08\Nguyen3353.grantATTY8.wpd