UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SON HOANG NGUYEN,<br><br>　　　　Petitioner,<br><br>vs.<br><br>JOHN TILTON, Acting Director,<br><br>　　　　Respondent. | Case No: C 08-03353 SBA (PR)<br><br>**ORDER DENYING RESPONDENT'S MOTION TO DISMISS; STAYING HABEAS PROCEEDINGS; DIRECTING PETITIONER TO FILE QUARTERLY STATUS REPORTS; AND DIRECTING CLERK TO CLOSE THIS CASE ADMINISTRATIVELY UNTIL THE COURT ISSUES ORDER LIFTING STAY**<br><br>Docket 26 |

　　　　Acting pro se, Petitioner Son Hoang Nguyen ("Nguyen") filed a Petition for Writ of Habeas Corpus in this Court on July 11, 2008.  Pet. Habeas Corpus ("First Pet."), Dkt. 1. The Court appointed counsel for Nguyen, who then filed an Amended Petition for Writ of Habeas Corpus on December 28, 2010.  Am. Pet. Habeas Corpus ("Am. Pet."), Dkt. 24. The parties are presently before the Court on Respondent's ("Respondent") Motion to Dismiss the Amended Petition as untimely and unexhausted.  Mot. Dismiss, Dkt. 26. Nguyen has filed an opposition to the motion in which he has requested that the Court stay his Petition while he exhausts his state remedies.  Opp'n at 3, Dkt. 28.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES Tilton's motion to dismiss Nguyen's Petition as unexhausted and GRANTS Nguyen's request for a stay.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b).

I.   **BACKGROUND**

   A.   UNDERLYING CONVICTION AND DIRECT APPEAL

A jury convicted Nguyen and co-defendant Dung The Pham ("Pham") of first degree murder on January 7, 1998. Clerk's Tr. from Appeal No. H018913 ("First Clerk's Tr.") 1215, Dkt. 6 Ex. 1. The jury also found Pham guilty of a gun-use enhancement. Id. The state secured Nguyen's conviction based on vicarious liability theories of (1) aiding and abetting an assault and (2) conspiracy. See Recorder's Tr. 2819-2829, Dkt. 6 Ex. 2. On July 29, 1998, the trial court sentenced Nguyen to serve twenty-five years to life in prison. First Clerk's Tr. 1519. The Sixth Appellate District of the California Court of Appeal affirmed Nguyen's conviction in an unpublished opinion filed on September 11, 2000. Dkt. 6 Ex. 6. The California Supreme Court denied Nguyen's petition for review on December 20, 2000. Dkt. 6 Ex. 8.

   B.   STATE COLLATERAL ATTACKS ON CONVICTION

On September 25, 2001, Nguyen petitioned for a writ of habeas corpus in Santa Clara County Superior Court. Clerk's Tr. from Appeal No. H028243 ("Second Clerk's Tr.") 1, Dkt. 6 Ex. 9. On August 5, 2004, the Superior Court issued a written order granting Nguyen's petition and vacating his conviction for first degree murder. Id. at 1564. The Sixth Appellate District of the California Court of Appeal reversed the trial court's grant of habeas relief in an unpublished opinion filed on February 17, 2006. Dkt. 6 Ex. 16. The California Supreme Court denied Nguyen's petition for review on June 14, 2006. Dkt. 6 Ex. 18.

Meanwhile, as the state's appeal was pending, Nguyen filed an original petition for writ of habeas corpus with the state appellate court raising a new claim of insufficiency of the evidence. Dkt. 6 Ex. 14. The same day, the court of appeal reversed the Superior Court's grant of habeas relief—February 17, 2006—it summarily denied Nguyen's insufficiency of the evidence petition without prejudice. Dkt. 6 Ex. 16.

On June 28, 2006, Nguyen again claimed insufficiency of the evidence in a petition for writ of habeas corpus in Santa Clara County Superior Court. Dkt. 6 Ex. 19. The trial

1  court denied this petition on June 20, 2007.  Dkt. 6 Ex. 21.  Nguyen filed an original
2  petition for writ of habeas corpus with the Sixth Appellate District of the California Court
3  of Appeal on August 28, 2007.  Dkt. 6 Ex. 22.  He continued to claim insufficiency of the
4  evidence.  See id.  On October 19, 2007, the court of appeal summarily denied this petition.
5  Dkt. 6 Ex. 23.  Nguyen responded by filing an original petition for habeas relief with the
6  California Supreme Court, again raising insufficiency of the evidence.  Dkt. 6 Ex. 24.  The
7  Court denied that petition on June 11, 2008.  Dkt. 6 Ex. 25.

      C.      **THE CURRENT PETITION**

9  On July 22, 2008, Nguyen filed a pro se Petition for habeas relief in this Court.  First
10 Pet. 1.  He raised five claims of error: (1) the trial court's failure to instruct the jury on
11 defenses to the target crime of assault; (2) trial counsel's failure to request the jury
12 instruction in ground one; (3) admission of hearsay indispensable to the state's theory of
13 motive; (4) legally insufficient evidence; and (5) appellate counsel's failure to raise grounds
14 one, three, and five on appeal.[1]  See id. at 12-13.  The Court ordered Respondent
15 Respondent to show cause on October 17, 2008.  Dkt. 3.

16 On December 28, 2010, Nguyen—now represented by counsel—filed an Amended
17 Petition for Writ for Habeas Corpus.  Am. Pet. 1.  The Amended Petition repeats the five
18 claims in Nguyen's pro se petition and adds a sixth claim of error alleging that prosecutors
19 suppressed a criminalist's lab notes in violation of Brady v. Maryland, 373 U.S. 83 (1963).
20 Id. at 3.  On March 17, 2011, Respondent filed a Motion to Dismiss the Amended Petition
21 as untimely under the one-year statute of limitations established by the Antiterrorism and
22 Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d).  Mot. Dismiss. 4-6.
23 In the alternative, Respondent argues the Amended Petition contains both exhausted and
24 unexhausted claims and must be dismissed.  Id. at 6-7.

---

[1] Nguyen's Amended Petition refers to appellate counsel's failure to raise grounds one, three, and four on appeal.  See Am. Pet. 3.

## II. DISCUSSION

### A. EXHAUSTION

Respondent contends that Nguyen failed to exhaust his Brady claim (and only his Brady claim) in state court. Mot. Dismiss 6-7. Therefore, Respondent argues, the Court must dismiss Nguyen's petition, which contains both exhausted and unexhausted claims. Id. at 7 (citing Pliler v. Ford, 542 U.S. 225, 230 (2004); Rose v. Lundy, 455 U.S. 509, 510, 522 (1982)). Nguyen does not dispute that his Brady is unexhausted; rather, he requests that the Court stay his Petition and hold it in abeyance while he exhausts his Brady claim in state court. See Opp'n at 3.

Prisoners in state custody who file federal habeas petitions must exhaust their state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c); Rose, 455 U.S. at 515-16. If all of the claims in a petition are unexhausted, the district court must dismiss the petition. Rose, 455 U.S. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

District courts may stay a mixed petition presenting both exhausted and unexhausted claims, allowing the petitioner to exhaust the any unexhausted claims in state court. Rhines v. Webber, 544 U.S. 269, 277-78 (2005). A district court's discretion to stay a mixed petition is circumscribed by the Antiterrorism and Effective Death Penalty Act's ("AEDPA") stated purpose, i.e., reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in state court before filing claims in federal court. Id. Because use of the stay and abeyance procedure has the potential to undermine AEDPA's dual purpose, its use is only appropriate where the district court first determines that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. Id. If a district court does grant a stay, it must

1  effectuate the timeliness concerns in AEDPA by placing "reasonable limits on a petitioner's
2  trip to state court and back." Id. at 278.

3        Turning to the present case, this is Nguyen's first federal habeas petition, and there
4  is no evidence that he seeks a stay for improper purposes. See Fetterly v. Paskett, 997 F.2d
5  1295, 1301-02 (9th Cir. 1993) (holding that a stay for the purpose of permitting exhaustion
6  of unexhausted claims should be granted only if the claims petitioner seeks to pursue are
7  cognizable under § 2254; there is a likelihood of prejudice to petitioner if the stay is not
8  granted; and there is no evidence that the motion for a stay is brought to delay, vex, or
9  harass, or that the request is an abuse of the writ). The state suggests Nguyen should have
10 known about the facts underlying the Brady violation because his co-defendant, Pham,
11 exhausted a claim arising from the same facts in June 2002. Reply at 4. However, Nguyen
12 appears to dispute this, arguing that he "could not have known what was suppressed by the
13 state." See Opp'n at 3.

14       Moreover, this record presents no evidence that Nguyen intentionally engaged in
15 dilatory litigation tactics. The Court in Rhines was concerned primarily with capital
16 defendants who might delay filing an amended petition in state court in an attempt to delay
17 the execution of their sentences. See 544 U.S. at 277-78. That policy does not apply here
18 because Nguyen is not a capital defendant who has an interest in delay. To the contrary, he
19 has every incentive to obtain relief as soon as possible.

20       Finally, Nguyen's unexhausted claim is not "plainly meritless." See Rhines, 544
21 U.S. at 277. He alleges a Brady claim arising from the same facts that justified the grant of
22 habeas relief to Pham, his co-defendant. See Reply Ex. 27 at 14-28. Respondent argues
23 that it is "wholly unsatisfactory for [Nguyen] to assert that he will be entitled to relief
24 because his codefendant Pham obtained relief 'based on the same claim.'" Reply at 4. But
25 Nguyen need not show that he is entitled to relief, only that his Brady claim is not "plainly
26 meritless." See Rhines, 544 U.S. at 277.

27       Accordingly, the Court GRANTS Nguyen's request for a stay and DENIES
28 Respondent's motion to dismiss the petition as a mixed petition without prejudice to re-

filing if Nguyen fails to pursue exhaustion of his <u>Brady</u> claim diligently in state court.[2]

## III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Respondent's request for a stay is GRANTED. These proceedings are hereby STAYED pending Nguyen's exhaustion of his state judicial remedies. Nguyen must act diligently in exhausting his state judicial remedies, or the stay may be lifted. He must file quarterly status reports describing the progress of his state court proceedings, commencing **forty (45) days** from the date of this Order and continuing every **ninety (90) days** thereafter until his state court proceedings are terminated. He must also attach to his status reports copies of the cover page of any document that he files with or receives from the California Supreme Court relating to the claims.

2. Respondent's motion to dismiss the petition as a mixed petition is DENIED without prejudice to re-filing if Nguyen fails to pursue exhaustion of his <u>Brady</u> claim diligently in state court.

3. The Clerk of the Court shall ADMINISTRATIVELY CLOSE the file pending the stay of this action. Nothing further will take place in this action until Nguyen receives a final decision from the California Supreme Court and, within **thirty (30) days** of doing so, moves to reopen the action, lift the Court's stay, and amend the Petition to add the newly-exhausted claim.

4. This Order terminates Docket 26.

IT IS SO ORDERED.

Dated: September 30, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[2] Having granted Nguyen a stay to exhaust his <u>Brady</u> claim in state court, the Court does not reach Tilton's timeliness argument at this time.