UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SON HOANG NGUYEN,<br><br>    Petitioner,<br><br>vs.<br><br>JOHN TILTON, Acting Director,<br><br>    Respondent. | Case No: C 08-03353 SBA<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL** |

On September 30, 2011, the Court denied Respondent's motion to dismiss, and granted Petitioner's request to stay the action so that he could exhaust his Brady claim in state court. Dkt. 31 at 5. The Order stated, inter alia, that: "Respondent's motion to dismiss the petition as a mixed petition is DENIED without prejudice to re-filing if Nguyen fails to pursue exhaustion of his Brady claim diligently in state court." Id. at 6.

The Court administratively closed the action during the pendency of the stay. Id. at 6. In addition, the Court directed that: "[Petitioner] must file quarterly status reports describing the progress of his state court proceedings, commencing forty (45) days from the date of this Order and continuing every ninety (90) days thereafter until his state court proceedings are terminated. He must also attach to his status reports copies of the cover page of any document that he files with or receives from the California Supreme Court relating to the claims." Id. In violation of that Order, Petitioner has failed to file any status reports. The Court has reviewed the California Court's website, but has been unable to locate any information regarding whether Petitioner made any further efforts to exhaust his Brady claim.

District courts may dismiss an action based on the failure of a habeas petitioner to comply with a court order or for lack of prosecution. Fed. R. Civ. P. 41(b); Link v. Wabash

R.R. Co., 370 U.S. 626, 629-30 (1962); Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002) (affirming dismissal of habeas petition because of petitioner's disobedience with orders setting filing deadlines); see also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.1995) (affirming dismissal of prisoner's civil rights complaint for failure to file opposition to motion to dismiss as required by local rule). In determining whether to dismiss a claim for disobedience with a court order or the failure to prosecute pursuant to Rule 41(b), the court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Pagtalunan, 291 F.3d at 642; Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). Accordingly,

IT IS HEREBY ORDERED THAT, within fourteen (14) days of the date this order is filed, each party shall file a Certificate of Counsel to explain why the case should or should not be dismissed. The Certificate shall set forth the nature of the cause, its present status, the reason why a final determination of the action has not been sought or the action otherwise terminated, any basis for opposing dismissal and its expected course if not dismissed. FAILURE TO FULLY COMPLY WITH THIS ORDER WILL BE DEEMED SUFFICIENT GROUNDS TO DISMISS THE ACTION, WITHOUT FURTHER NOTICE.

IT IS SO ORDERED.

Dated: 5/3/17

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge